**UNITED STATES of America,**

v.

**Beverly T. JACKSON, Appellant.**

**No. 80–2404.**

United States Court of Appeals, District of Columbia Circuit.

Argued April 30, 1981.

Decided May 29, 1981.

**53.** 39 U.S.C. § 3603 (1976).

**126**

William J. Garber, Washington, D. C. (appointed by this Court), for appellant.

Melvyn H. Rappaport, Asst. U. S. Atty., with whom Charles F. C. Ruff, U. S. Atty., John A. Terry, Michael W. Farrell, Paul N. Murphy and George J. Terwilliger, III, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellees.

Before BAZELON, Senior Circuit Judge, and WRIGHT and WALD, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

Appellant was charged with simple possession and possession with intent to distribute a controlled substance. The United States offered the testimony of, *inter alia*, a parolee who had been promised that his parole board would be advised of his cooperation. The jury convicted appellant of simple possession, but acquitted her of the other charge. The principal issue raised on appeal is whether the trial court properly refused to deliver a cautionary instruction regarding the veracity of the parolee.

The government contends that a cautionary instruction is required only when testimony is given by an accomplice, *see United States v. Lee*, 506 F.2d 111 (D.C.Cir.1974), *cert. denied*, 421 U.S. 1002, 95 S.Ct. 2403, 44 L.Ed.2d 670 (1975), an addict-informant, *see United States v. Kinnard*, 465 F.2d 566 (D.C.Cir.1972), or an immunized witness, *see United States v. Leonard*, 494 F.2d 955 (D.C.Cir.1974). Appellant suggests, however, that the parolee had no less an incentive than an informant or accomplice to offer false incriminating testimony.

The record belies the claim that appellant was prejudiced by the absence of a cautionary instruction. The parolee testified that appellant engaged in drug transactions. Appellant's counsel challenged the parolee's credibility, and the jury clearly rejected his testimony, acquitting appellant on the distribution charge. On the other hand, there was ample evidence presented by other witnesses to support appellant's conviction for simple possession. Accordingly, the judgment must be affirmed.